IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JACK WILLIAM WOLF, *Pro Se*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1385 (GMS) |
| | ) | |
| THOMAS CARROLL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

1.     The plaintiff, Jack William Wolf, SBI #93532, a *pro se* litigant who is presently
incarcerated, has filed this action pursuant to 42 U.S.C. § 1983 and has been previously
granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.)

2.     Presently before the court is the defendants' Motion to Compel Immediate Payment of
Full Filing Fees and for Related Relief. (D.I. 30.)

3.     The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new
civil action or appeal a judgment in a civil action *in forma pauperis* if he or she has three
or more times in the past, while incarcerated, brought a civil action or appeal in federal
court that was dismissed as frivolous, malicious, or for failure to state a claim upon which
relief may be granted. 28 U.S.C. § 1915(g). An exception is made to the three strikes
rule when the prisoner is in imminent danger of serious physical injury. *Id.*

4.     Mr. Wolf, while incarcerated, has filed at least three civil actions that were dismissed as
frivolous, malicious or for failure to state a claim upon which relief may be granted: *Wolf
v. Laferty, et. al.*, C.A. No. 00-374-JJF (*dismissed* Sept. 5, 2000); *Wolf v. Funk*, C.A. No.

00-427-JJF (*dismissed* July 9, 2001); *Wolf v. Windslow, et al.*, C.A. No. 00-428-JJF

(*dismissed* July 9, 2001). These cases were dismissed before Mr. Wolf filed the above-

captioned lawsuit on October 25, 2004. Mr. Wolf's present complaint, however, alleges

that he was assaulted by three prison guards and that he has been consistently denied

medical care. (D.I. 2.)

5.      The Federal Rules of Civil Procedure only require that a short and plain statement of the

claim be made and courts have consistently held that pleadings are to be interpreted

liberally. *See* FED. R. CIV. P. 8(a)(2)*; Leatherman v. Tarrant County Narcotics*

*Intelligence and Coordination Unit*, 507 U.S 163, 168 (1993). The Third Circuit Court of

Appeals has instructed district courts to evaluate the allegations in a complaint filed by a

pro se prisoner facing a § 1915(g) bar under its liberal pleading rules, construing all

allegations in favor of the complainant and crediting those allegations of "imminent

danger" that have gone unchallenged. *See Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir.

1998).

5.      The court concludes that Mr. Wolf adequately alleged that, at the time he filed his

complaint, he was under imminent danger of serious physical injury. *See Williams v.*

*Forte*, No. 04-2071, 135 Fed. Appx. 520 (3d Cir. 2005). Although the defendants dispute

the applicability of the § 1915(g) exception in Mr. Wolf's case, the defendants provide

nothing more than a conclusory challenge without addressing the merits of Mr. Wolf's

assertions. (D.I. 29.) The court acknowledges that Mr. Wolf's release from prison may

be imminent, however, the standards set forth in §1915(g) require the court to evaluate

the factors for the imminent danger exception at the time the complaint is filed. 28

U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001).  Since Mr.

Wolf's complaint met the criteria for the imminent danger exception when he filed suit,

he will be allowed to remain *in forma pauperis*.


IT IS HEREBY ORDERED that:

The defendants' motion (D.I. 30) is DENIED without prejudice.


Dated: February 27, 2007

UNITED STATES DISTRICT JUDGE

**FILED**

FEB 2 7 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

3