IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Jack W. Wolf ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | C. A. No. 04-1385-GMS |
| ) | |
| Thomas Carroll, DCC Medical Dept., ) | |
| C/O Pusey, C/O Carter and Lt. Seacord ) | |
| Defendants ) | |

## ANSWER TO AMENDED COMPLAINT

State Defendants Correctional Officers Carter and Pusey, and Lieutenant Seacord by and through undersigned counsel, hereby answer Complaint as follows:

### PREVIOUS LAWSUITS

1. Plaintiff has filed at least three civil actions that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. State Defendants are without information sufficient to admit the truth of remaining allegations regarding previous lawsuits, and the same are therefore denied.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

2. State Defendants admit there is a grievance procedure in the institution. State Defendants deny the plaintiff's allegations regarding the proper steps taken in accordance with the grievance procedure.

### PARTIES

3. Plaintiff is a prisoner in the custody of the Delaware Department of Correction and currently housed in the Delaware Correctional Center, Smyrna, Delaware.

4. State Defendants Carter, Pusey and Seacord are employed by the State of Delaware for the Department of Correction. Seacord and Carter currently work at the Delaware Correction Center. Pusey currently works at the Sussex Correctional Institute.

**STATEMENT OF CLAIM**

5. State Defendants deny that they subjected or caused to be subjected, Plaintiff to a deprivation of any rights protected by federal law.

6. State Defendants deny that they are subject to § 1983 liability for the alleged deprivation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

7. State Defendants deny that they are subject to § 1983 liability for the force used, if any, on Plaintiff at all times alleged in the complaint.

8. State Defendants deny that they slammed, pulled, or forcibly mishandled plaintiff during an escort to the receiving room at any time relevant to the complaint.

9. State Defendants deny that their actions, if any, involved the wanton and unnecessary infliction of pain on plaintiff as alleged in the complaint.

10. State Defendants deny that plaintiff's injuries, if any, are significant and are a result of the use of force by the State Defendants.

11. State Defendants each deny that he applied force maliciously and sadistically for the purpose of causing plaintiff pain and suffering.

12. State Defendants deny that they intentionally or recklessly disregarded plaintiff's serious medical condition.

13. State Defendants deny that Plaintiff's life is in danger.

**RELIEF**

14. It is specifically denied that Plaintiff is entitled to compensatory damages or punitive damages.

15. It is specifically denied that Plaintiff is entitled to any other relief

**AFFIRMATIVE DEFENSES**

16. The State Defendants are immune from liability under the Doctrine of Sovereign Immunity.

17. As officials of the State of Delaware acting in good faith and without negligence within the scope of their employment and without knowingly violating well established federal rights, the State Defendants are entitled to qualified immunity and cannot be held liable in this action.

18. The State Defendants are immune from liability to the Plaintiff under the State Tort Claims Act.

19. The State Defendants cannot be held liable in the absence of personal involvement for alleged constitutional deprivations.

20. To the extent the Plaintiff seeks to hold the State Defendants liable based on supervisory responsibilities, the Doctrine of *Respondeat Superior* is not a basis for liability in an action under 42 U.S.C. §1983.

21. Negligence is not a cause of action under 42 U.S.C. §1983.

22. The State Defendants are immune from liability under the Eleventh Amendment of the United States Constitution.

23.  The State Defendants in their official capacities are not liable for alleged violations of Plaintiff's constitutional rights as they are not "persons" pursuant to 42 U.S.C. §1983.

24.  Plaintiff has failed to exhaust his administrative remedies as required pursuant to 28 U.S.C. § 1997a(e).

25.  This action and all claims are barred by the applicable statute of limitations.

26.  Plaintiff failed to state a claim upon which relief can be granted.

27.  Plaintiff's injuries, if any, resulted from an intervening and/or superseding cause.

28.  Plaintiff acted with contributory negligence.

Wherefore, for the reasons set forth above, the State Defendants demand that judgment be entered in their favor as to all claims and against the plaintiff as to all claims, together with reasonable attorney's fees, costs and such other relief as this Honorable Court deems just and proper.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

 /s/ Ophelia M. Waters
Ophelia M. Waters, I. D. #3879
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801
 (302) 577-8400

Dated: March 8, 2007          Counsel for State Defendants

## *CERTIFICATE OF SERVICE*

    I hereby certify that on March 8, 2007, I electronically filed an *Answer to the Amended Complaint* with the Clerk of Court using CM/ECF.  I hereby certify that on March 8, 2007, I have mailed by United States Postal Service, the document to the following non-registered participant: Jack Wolf, SBI#0093532, CVOP, P.O. Box 5003, Smyrna, DE 19977.

                 **STATE OF DELAWARE**
                  **DEPARTMENT OF JUSTICE**

                  <u>/s/ Ophelia M. Waters</u>
                  Ophelia M. Waters, I.D. #3879
                  Deputy Attorney General
                  820 North French Street, 6th Floor
                  Wilmington, Delaware 19801
                  (302)577-8400
                  ophelia.waters@state.de.us