IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICTOF DELAWARE

| | | |
|---|---|---|
| Jack W. Wolf | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | C. A. No. 04-1385-GMS |
| | ) | |
| Pusey, Carter and Seacord | ) | |
|     Defendants. | ) | |

## STATE DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants Pusey, Carter and Seacord, ("State Defendants") by and through undersigned counsel, hereby respectfully move this Honorable Court pursuant to Fed. R. Civ. P. 56(c), to enter judgment in their favor as to all claims on the following grounds:

**I.      BACKROUND**

1.      Plaintiff, Jack Wolf, is a 58 year old former prisoner who has been released from the custody of the Delaware Department of Correction. His last known address is Bear, DE.

2.      On October 25, 2004, Plaintiff filed the above-captioned action alleging civil rights violations, specifically, inadequate medical attention for chronic back pain. (D.I. 2). In addition, Plaintiff alleged that his back pain was aggravated by the amount of force prison officers used on him when Seacord slapped him in the head, and Pusey and Carter "slammed" him on a laundry cart. (D.I.9). After certain claims and defendants were dismissed (D.I. 28), an answer to the amended complaint was permitted defending Pusey, Carter, and Seacord, specifically against claims that these defendants acted maliciously or sadistically to cause harm. (D.I. 34).

3.     In accordance with the scheduling order issued on March 22, 2007, Defendants submit this memorandum of points and authorities in support of their motion for summary judgment filed simultaneously hereto.

4.     Consistent with the records made contemporaneous with the events of July 28, 2004 provided previously, Defendants, urge this Honorable Court to enter judgment as a matter of law in their favor and against Plaintiff.

## II.    Standard of Review

5.     Summary judgment is appropriate if there are no genuine issues of material fact presented and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, (1986). In deciding summary judgment, the court must resolve all factual doubts and draw all reasonable inferences in favor of the nonmoving party. *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 140 (3d Cir.2004).

6.     Fed.R.Civ.P. 56(c) provides, in relevant part:

> A party against whom a claim, counterclaim, or cross-claim is asserted, or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof. *Id*

7.     Where the moving party produces an affidavit or other sufficient evidence to establish the existence of any essential element for which that party will bear the burden of proof at trial and the burden shifts, then the non-moving party may not rest on its own pleadings, but must provide evidence showing a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. at 317. The moving party initially assumes the burden to identify evidence that demonstrates the absence of a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

8.      Once the moving party meets its burden, then the burden shifts to the non-moving party to demonstrate material issues of fact. *Id.* The non-moving party must set forth "specific facts showing that there is a genuine issue for trial ⋯" or the factual record will be taken as presented by the moving party and judgment will be entered against the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). Moreover, the non-moving party may not plainly substitute the "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

### III.    Correction Officers Did Not Use Excessive Force

9.      Plaintiff alleges that correctional officers Carter and Pusey assaulted him by slamming him on top of a laundry cart three times aggravating a back injury. (D.I. 2 and 8). He also claimed that Seacord "slapped him on the head" and pushed him down on a chair while he was waiting in the observation room. *Id.* Although Plaintiff claims that he was pushed and shoved by these officers, plaintiff's disruptive and disorderly behavior prompted correction officers to handcuff plaintiff for their safety as they escorted him off the tier to the building 22 observation room. (See Raney Incident Reports 1014121 and 1014140 attached as Exhibit "A"; Carter Affidavit attached as Exhibit "B"). Without justification, plaintiff continually refused to lock-in his cell once he and other inmates left the chow hall. (Exhibit "A").

10.     Lt. Seacord, the Lieutenant on duty, was called to come to the MHU concerning an inmate refusing to lock-in his cell. (See Seacord Affidavit attached as Exhibit "C"). Upon entering the observation room, Lieutenant Seacord heard plaintiff yelling profanity, and acting disorderly. Lieutenant Seacord told Plaintiff to calm down in order to

understand plaintiff's problems. Id. Plaintiff yelled at Lieutenant to "take these cuffs off, my back is broke" before lunging towards the lieutenant in an aggressive and threatening manner. Id.

11. Nurse McKenzie examined Plaintiff on July 28, 2004, and prepared notes of the examination. The notes state that inmate [Wolf] walked to the medical room without assistance. She observed that he was able to move his extremities freely and independently, and that, except for a superficial abrasion on the nose, he did not have any significant or serious injuries. (D.I. 22, Ex.4, Interdisciplinary Progress Notes).

12. The sworn statements prepared by Seacord and Carter, along with the incident reports prepared by Raney, indicate that the only force used on Plaintiff was the minimal amount necessary to gain control of him and maintain order. When Plaintiff lunged at Lieutenant Seacord, the officers grabbed him by the arms to move him away, and make him sit down.

13. The Supreme Court held that "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in Whitley: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillan, 503 U.S. 1, 6-7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 321-22 (1986)). In the context of an excessive force claim, Plaintiff bears the burden to show that the prison official "used force 'with a knowing willingness that [harm] occur.'" Farmer v. Brennan, 511 U.S.825, 836 (1994).

14. Clearly, factors to be considered in deciding whether the use of force by correction officers violates the Eighth Amendment include the need for the application of

force, the relationship between that need and the amount of force used, the extent of the injury inflicted, the threat reasonably perceived by the responsible official, as well as the efforts made to temper the severity of a forceful response. *Whitley v. Albers*, 475 U.S. at 320-321.

15.     Plaintiff cannot show that force used by Defendants Carter or Seacord was so excessive to support an excessive force claim. Plaintiff refused to lock-in his cell after given a direct order to do so. Also Plaintiff's disrespectful, disorderly and threatening behavior inside the observation room prompted the officers to force plaintiff in his seat. Plaintiff verbally defied and physically resisted officers when encounter in the observation room. (See Exhibit "B" and "C"). Plaintiff's conduct created a need for Carter and Seacord to use force to control Plaintiff's disruptive behavior. *See Ruffin v. Taylor, et al.*, 166 F. Supp.2d 999 (D. Del. 2001).

16.     In *Ruffin*, the inmate did not present evidence that would establish an issue of material fact on whether the Quick Response Team acted to "maliciously and sadistically cause harm" to him. *Hudson*, 503 U.S. at 7.  Instead, the District Court found uncontroverted evidence which established that Ruffin both verbally defied and physically resisted the officers throughout the encounter. Thus, it concluded, a reasonable factfinder would conclude that the actions of the officers were "a good-faith effort to maintain or restore discipline" and were not cruel and unusual punishment. Id. at 7.  Ruffin did not show that this issue "may reasonably be resolved in favor of either party," and the defendants are entitled to summary judgment. *Anderson,* 477 U.S. at 250.

17.     Also, Plaintiff cannot show that he sustained any persistent or serious injury as a result of his contact with Defendants on July 28, 2004. (See <u>Progress Notes</u> ). Moreover, when Officer Carter perceived a threat to Lieutenant Seacord's safety or by Plaintiff's aggressive behavior, he necessarily placed Plaintiff back in his seat. (See Carter at Exhibit "B"). Plaintiff refused opportunities to calm down, he continued to disrespect the officers, and he threatened Lieutenant Seacord. <u>Id.</u>  Plaintiff fails to set forth evidence that Carter, Pusey, or Seacord acted maliciously or sadistically for the very purpose to cause harm.

18.     "Where the movant has produced evidence in support of its motion for summary judgment, the nonmovant cannot rest on the allegations of pleadings and must do more than create some metaphysical doubt." <u>Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.</u>, 998 F.2d 1224, 1230 (3d Cir.1993).  In fact, the medical evidence submitted by the defendants indicates that he had a superficial abrasion on his nose but no injuries were noted on his limbs.

19.     The Third Circuit has held that summary judgment in excessive force claims should not be granted on the sole basis that plaintiff's injuries are not significant. "Although the extent of an injury provides a means of assessing the legitimacy and scope of the force, the focus always remains on the force used (the blows)." <u>Brooks v. Kyler</u>, 204 F.3d 102, 108 (3d Cir.2000) "[T]he Supreme Court is committed to an Eighth Amendment which protects against cruel and unusual force, not merely cruel and unusual force that results in sufficient injury. " <u>Id.</u>  The proper inquiry in excessive force claims is not the severity of the injury caused, but the amount of force used and its justification. Thus, the defendants are not entitled to summary judgment on the basis that Ruffin

injuries were de minimus, but such evidence could support an inference that the forced used against Ruffin was not cruel or unusual in its extent.

### IV. Defendants are Entitled to Qualified Immunity

20.     Furthermore, Defendants are entitled to qualified immunity because they acted in good faith, without gross or wanton negligence, in their performance of their discretionary duties. They are immune from liability for civil damages, because the conduct did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." See *Sharrar v. Felsing*, 128 F.3d 810, 826 (3d Cir.1997) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). More particularly, to be liable, the prison officials must have known that handcuffing a belligerent and aggressive inmate to the rear was cruel and unusual punishment. Plaintiff presented to the officers conduct which created a need for the prison officials to use force to control his disruptive behavior. These officers perceived a threat of danger to themselves and institutional security, and they responded appropriately.

WHEREFORE, based on the foregoing reasons, State defendants respectfully request that the Court grant summary judgment in their favor and against Plaintiff as to all claims.

                                          STATE OF DELAWARE
                                          DEPARTMENT OF JUSTICE

                                          /s/ Ophelia M. Waters
                                          Ophelia M. Waters, I.D. #3879
                                          Deputy Attorney General
                                          Carvel State Office Building
                                          820 North French Street, 6th floor
                                          Wilmington, DE 19801
Date:   November 21, 2007                 (302) 577-8400

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2007, I electronically filed *Memorandum of Points and Authorities in support of Motion for Summary Judgment* with the Clerk of Court using CM/ECF. I hereby certify that on November 21, 2007, I have mailed by United States Postal Service, the document to the following non-registered participant: Jack Wolf.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us