IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JACK WILLIAM WOLF, *Pro Se*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-1385 (GMS) |
| ) | |
| THOMAS CARROLL, C/O WAYNE ) | |
| PUSEY, C/O CARTER, LT. SEACORD, ) | |
| DELAWARE CORRECTIONAL ) | |
| CENTER MEDICAL DEPARTMENT, ) | |
| AND COMMUNITY MEDICAL ) | |
| SERVICES, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM**

### I. INTRODUCTION

The plaintiff, Jack William Wolf ("Wolf"), is a former prisoner at the Delaware Correction Center (the "DCC") in Smyrna, Delaware. On October 25, 2004, he filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 2.) In this suit, he alleges that the State defendants[2] violated his Eighth Amendment rights under the U.S. Constitution when they used excessive force during a July 2004 incident at the prison. (D.I. 2, 8.) Presently before the court is the State defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). (D.I. 39.) For the reasons that follow, the court will grant the State defendants' motion.

---

[1] The plaintiff appears *pro se* and was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.)

[2] The plaintiff's original claims were amended (D.I. 9) and several of the originally-named defendants were dismissed from the case (D.I. 28). The remaining defendants in this case are: Correctional Officer Wayne Pusey ("Pusey"), Correctional Officer Ramon Carter ("Carter"), and Lieutenant Thomas Seacord ("Seacord") (collectively, the "State defendants"). The State defendants are all DCC employees.

## II.   BACKGROUND

The claims in this case arise from an incident that occurred back in July 2004 while the plaintiff was an inmate at the DCC.[3] Specifically, on July 28, 2004, during inmate lock in, correctional officers Roger Raney ("Raney") and Glenenise Baker ("Baker") encountered Wolf outside of his cell walking towards the sliding doors on the tier. (D.I. 40 at Ex. A.) After approaching Wolf, Raney asked Wolf where he was going. (*Id.*) Wolf responded, "[Expletive] you my back is broke I'm going to see a doctor!" Raney then advised Wolf that there was no medical personnel in the building at the time. (*Id.*) Wolf responded: "I ain't [expletive] locking in until I see a doctor." (*Id.*) Baker then ordered Wolf to lock in his cell. (D.I. 40 at Ex. A.) Wolf again responded: "[expletive] you I ain't locking in!" (*Id.*) Wolf then sat down on the tier refusing to lock in. (*Id.*) The officers then placed Wolf in handcuffs, and escorted him to the observation room. (*Id.*) The officers also notified Seacord of the incident, and advised Seacord that Wolf was being held in the observation room.[4] (D.I. 40 at Ex. A.) While in the observation room, Wolf repeatedly shouted profanities at the officers and refused their orders to calm down. (*Id.*)

After being summoned to the observation room, Seacord asked Wolf what was wrong with him. (D.I. 40 at Ex. A.) Wolf responded: "my [expletive] back is broken and I want to see a doctor." (*Id.*) Seacord then asked Wolf to "calm down" so that Seacord could find out what was "goin' on." (*Id.*) Again, Wolf responded: "[Expletive] you, take these [expletive] handcuffs off of me, my [expletive] back is broke!" (*Id.*) Raney informed Seacord that Wolf had been seen by

---

[3] The plaintiff has since been released from prison. (D.I. 38.)

[4] On July 28, 2004, Raney prepared and submitted an incident report describing the incident on the tier. (*See* D.I. 40 at Ex. A, Incident Report #1014121)

medical the day before, and that medical reported that there "wasn't anything wrong with [Wolf]." (D.I. 40 at Ex. A.) After hearing this, Wolf replied, "[expletive] you!" and lunged toward Seacord. (*Id.*) In response, Carter and Raney grabbed Wolf by his arms, pulled him away from Seacord, and sat him back down in his chair. (D.I. 40 at Ex. C, ¶ 5.) Carter and Raney then called backup officers for assistance. (*Id.* at Ex. A.) The officers on the scene then transported Wolf from the observation room to the isolation confinement unit.[5] (D.I. 40 at Ex. C, ¶ 5.) While being transported to the isolation confinement unit, Wolf complained that he "could not walk" and that he "could not stand." (*Id.* at Ex. B, ¶ 6.) In response, the officers placed Wolf on a laundry cart to wait for a nurse to arrive to examine him. (*Id.*)

Following the incident in the observation room, a nurse examined Wolf, and prepared notes of the examination. (D.I. 40 at ¶ 11.) The nurse's notes indicate that Wolf walked to the medical room without assistance. (*Id.*) In addition, the nurse observed that, during the examination, Wolf was able to move his extremities freely and independently, and that, except for an abrasion on his nose, he did not have any significant or serious injuries. (*Id.*)

On October 25, 2004, the plaintiff filed the original complaint in this action.[6] (D.I. 2.) On March 8, 2007, the State Defendants filed their answer to the amended complaint in this action. (D.I. 34.) The court entered the scheduling order in this case on March 22, 2007. (D.I. 37.) Pursuant to the scheduling order, on November 21, 2007, the State defendants filed the instant motion for

---

[5] On July 28, 2004, Seacord prepared and submitted an incident report describing the incident in the observation room. (*See* D.I. 40 at Ex. A, Incident Report #1014140)

[6] The plaintiff filed an amended complaint in this action on February 17, 2005. (D.I. 9.)

3

summary judgment.[7] (D.I. 39.)

## III.  THE PARTIES' CONTENTIONS

The plaintiff contends that the State defendants used excessive force during the July 28, 2004 incident at the prison. (D.I. 2, 8.) Specifically, Wolf alleges that the State defendants assaulted him in the observation room, and used excessive force when Seacord "slapped" him in the head and "slammed" him up and down in a chair, and when Pusey and Carter "slammed" him onto a laundry cart. (D.I. 8.) He contends that the amount of force used by the State defendants during this incident aggravated his existing back injury and caused him to suffer increased back pain. (*Id.*) The State defendants, on the other hand, move for summary judgment. (D.I. 39, 40.) They contend that the plaintiff has failed to adduce any evidence to support his allegations, and that they are entitled to judgment as a matter of law. (D.I. 40.) The State defendants also contend that they are entitled to qualified immunity for their actions because they "acted in good faith, without gross or wanton negligence, in the[] performance of their discretionary duties." (*Id.* at ¶ 20.)

## IV.  STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, summary judgment is appropriate only if the party shows there are no genuine issues of material fact that would permit a reasonable jury to find for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome

---

[7] The State defendants also filed their opening brief in support of this motion on November 21, 2007. (D.I. 40.) The plaintiff, however, has neither filed an answering brief, nor otherwise responded to the State defendants' motion and opening summary judgment brief. (*See* D.I. 41.)

summary judgment.[7] (D.I. 39.)

## III.  THE PARTIES' CONTENTIONS

The plaintiff contends that the State defendants used excessive force during the July 28, 2004 incident at the prison. (D.I. 2, 8.) Specifically, Wolf alleges that the State defendants assaulted him in the observation room, and used excessive force when Seacord "slapped" him in the head and "slammed" him up and down in a chair, and when Pusey and Carter "slammed" him onto a laundry cart. (D.I. 8.) He contends that the amount of force used by the State defendants during this incident aggravated his existing back injury and caused him to suffer increased back pain. (*Id.*) The State defendants, on the other hand, move for summary judgment. (D.I. 39, 40.) They contend that the plaintiff has failed to adduce any evidence to support his allegations, and that they are entitled to judgment as a matter of law. (D.I. 40.) The State defendants also contend that they are entitled to qualified immunity for their actions because they "acted in good faith, without gross or wanton negligence, in the[] performance of their discretionary duties." (*Id.* at ¶ 20.)

## IV.  STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, summary judgment is appropriate only if the party shows there are no genuine issues of material fact that would permit a reasonable jury to find for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome

---

[7] The State defendants also filed their opening brief in support of this motion on November 21, 2007. (D.I. 40.) The plaintiff, however, has neither filed an answering brief, nor otherwise responded to the State defendants' motion and opening summary judgment brief. (*See* D.I. 41.)

summary judgment.[7] (D.I. 39.)

## III.  THE PARTIES' CONTENTIONS

The plaintiff contends that the State defendants used excessive force during the July 28, 2004 incident at the prison. (D.I. 2, 8.) Specifically, Wolf alleges that the State defendants assaulted him in the observation room, and used excessive force when Seacord "slapped" him in the head and "slammed" him up and down in a chair, and when Pusey and Carter "slammed" him onto a laundry cart. (D.I. 8.) He contends that the amount of force used by the State defendants during this incident aggravated his existing back injury and caused him to suffer increased back pain. (*Id.*) The State defendants, on the other hand, move for summary judgment. (D.I. 39, 40.) They contend that the plaintiff has failed to adduce any evidence to support his allegations, and that they are entitled to judgment as a matter of law. (D.I. 40.) The State defendants also contend that they are entitled to qualified immunity for their actions because they "acted in good faith, without gross or wanton negligence, in the[] performance of their discretionary duties." (*Id.* at ¶ 20.)

## IV.  STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, summary judgment is appropriate only if the party shows there are no genuine issues of material fact that would permit a reasonable jury to find for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome

---

[7] The State defendants also filed their opening brief in support of this motion on November 21, 2007. (D.I. 40.) The plaintiff, however, has neither filed an answering brief, nor otherwise responded to the State defendants' motion and opening summary judgment brief. (*See* D.I. 41.)

of the suit. *Id.* at 247-48. An issue is genuine if a reasonable jury could possibly find in favor of the non-moving party with regard to that issue. *Id.* at 249. The moving party bears the initial burden of demonstrating that there are no genuine issues of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Additionally, the evidence is to be viewed in the light most favorable to the nonmoving party, with all doubts resolved against entry of summary judgment. *See Blackburn v. United Parcel Serv., Inc.*, 179 F.3d 81, 91 (3d Cir. 1999).

The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment. There must be enough evidence to enable a jury to reasonably find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249. Moreover, a party opposing a summary judgment motion cannot simply rest upon "mere allegations or denials of the adverse party's pleading" but must respond with affidavits or deposition testimony setting forth "specific facts showing that there is a genuine issue for trial." *Ray v. Cell Extraction Unit 7*, 142 Fed. Appx. 650, 651 (3d Cir. 2006) (quoting Fed. R. Civ. P. 56(e)).

## V. DISCUSSION

After having considered the record in this case and the applicable law, the court concludes that the State defendants are entitled to summary judgment in their favor on the issue of excessive force. The plaintiff has not presented any evidence that would establish an issue of material fact, or that would, otherwise, lead a reasonable jury to conclude that the State defendants used excessive force during the July 28, 2004 incident. Thus, the State defendants did not violate the plaintiff's Eighth Amendment rights in this case. The court must, therefore, grant the State defendants' motion

for summary judgment as to the allegation of excessive force.[8]

Whenever a plaintiff claims that a prison official used excessive physical force, thus violating the cruel and unusual punishment clause, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). A plaintiff does not have to demonstrate serious injury, although the extent of injuries suffered is a factor in determining whether the use of force was necessary or not. *See Hudson*, 503 U.S. at 7; *see also Brooks v. Kyler*, 204 F.3d 102, 104 (3d Cir. 2000) (holding that there is no fixed minimum quantum of injury that a prisoner must prove he suffered through either objective or independent evidence in order to state a claim for excessive force). Other factors considered in determining whether the use of force was wanton and unnecessary include "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

Here, the plaintiff has not presented any evidence that would establish an issue of material fact as to whether the State defendants acted to "maliciously and sadistically cause harm" to him. *Hudson*, 503 U.S. at 7. Instead, the evidence establishes that Wolf verbally defied orders and exhibited disorderly, and, at times, threatening behavior throughout the encounter. Specifically, the record reflects (and Wolf does not dispute) that he refused to lock in his cell after being given a direct order to do so. Further, after being handcuffed and escorted to the observation room, Wolf

---

[8] The court sees no need to address the qualified immunity issue because the plaintiff's constitutional rights were not violated. *See, e.g., Melendez v. Carroll*, No. 04-193-SLR, 2006 U.S. Dist. LEXIS 54517, at *17 n.10 (D. Del. Aug. 4, 2006); *cf. Chambers v. John Doe #1*, 453 F. Supp. 2d 858, 876 (D. Del. 2006).

repeatedly shouted profanities at the officers and refused their orders to calm down. The record also indicates that, at some point during the incident, Wolf lunged toward Seacord in what officers reasonably perceived to be a threatening manner. Indeed, Wolf's own conduct created a need for the State defendants to use force to control his disruptive behavior, and the State defendants only used the amount of force necessary to restrain Wolf. In addition, although not determinative, the medical records indicate that, in connection with the July 28, 2004 incident, Wolf did not suffer "any significant or serious injuries." D.I. 40 at ¶ 11.

Therefore, considering the factors outlined in *Hudson*, and given Wolf's conduct, it is abundantly clear that a reasonable fact finder could not conclude that the actions of the State defendants were anything other than a "good faith effort to maintain or restore discipline," and were not cruel and unusual punishment. *Hudson*, 503 U.S. at 7. Accordingly, the court concludes that the State defendants are entitled to judgment as a matter of law.

## VI. CONCLUSION

For the foregoing reasons, the State defendants' motion for summary judgment will be granted.

Dated: May 7, 2009

_____
CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JACK WILLIAM WOLF, *Pro Se*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1385 (GMS) |
| | ) | |
| THOMAS CARROLL, C/O WAYNE | ) | |
| PUSEY, C/O CARTER, LT. SEACORD, | ) | |
| DELAWARE CORRECTIONAL | ) | |
| CENTER MEDICAL DEPARTMENT, | ) | |
| AND COMMUNITY MEDICAL | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The State defendants' motion for summary judgment (D.I. 39) be GRANTED.

Dated: May 7, 2009

CHIEF, UNITED STATES DISTRICT JUDGE